# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **6:20-cr-00164-MC** |
| **v.** | **INFORMATION** |
| **ANTHONY ALIRE,** | **18 U.S.C. § 1349** |
| **Defendant.** | **Forfeiture Allegation** |

## THE UNITED STATES ATTORNEY CHARGES:

## INTRODUCTORY ALLEGATIONS

At all relevant times:

1. Defendant Anthony Alire resided in and around Corvallis, Oregon.

2. Defendant's co-conspirators resided in and around Corvallis, Oregon.

3. Capital One Bank, USAA Federal Savings Bank, JPMorgan Chase Bank, and Wells Fargo Bank (hereinafter, collectively, "Victim Financial Institutions") were financial institutions within the meaning of Title 18, United States Code, Section 20(1), as their deposits were insured by the Federal Deposit Insurance Corporation.

**Information**  **Page 1**

## COUNT 1
**(Conspiracy to Commit Bank Fraud)**
**(18 U.S.C. § 1349)**

4.      Paragraphs 1-3 of the Introductory Paragraphs are incorporated here.

5.      From in or about November 2017 through in or about June 2018, in the District of Oregon, defendant Anthony Alire did knowingly conspire and agree with others, known and unknown, to violate Title 18, United States Code, Section 1344, that is, to execute a scheme and artifice to defraud the Victim Financial Institutions and to obtain money, funds, assets and other property owned by, and under the custody and control of  the Victim Financial Institutions by means of materially false and fraudulent pretenses, representations, and promises.

### MANNER AND MEANS OF THE CONSPIRACY

6.      In furtherance of the conspiracy and to effect the objects thereof, defendant and others utilized, among others, the following manner and means:

7.      It was part of the conspiracy that defendant opened three separate bank accounts with the intent that these bank accounts be used in the bank fraud scheme.

8.      It was a further part of the conspiracy that defendant provided a co-conspirator with the account information, including username and passwords, for the bank accounts to allow the co-conspirator to use the accounts as part of the scheme.

9.      It was a further part of the conspiracy that co-conspirators gave defendant cash from Corvallis Cannabis Club, a state-licensed marijuana retail sales business in Corvallis, Oregon, where defendant also worked, to deposit into his bank accounts, which defendant did.

10.     It was a further part of the conspiracy that co-conspirators also deposited cash into defendant's bank accounts.

**Information**                                                                                        **Page 2**

11.    It was a further part of the conspiracy that co-conspirators fraudulently obtained credit card accounts at federally insured institutions, including at the Victim Financial Institutions. In addition to their own accounts, co-conspirators opened credit card accounts using stolen and fictitious identities.

12.    It was a further part of the conspiracy that co-conspirators used the fraudulently obtained credit cards for their personal benefit, including using the funds to establish and operate large marijuana grows and to cover the operating expenses of Corvallis Cannabis Club.

13.    It was a further part of the conspiracy that defendant and his co-conspirators used defendant's bank accounts to pay down balances on the fraudulently obtained credit cards.

14.    It was a further part of the conspiracy that, in or around April 2018, defendant and a co-conspirator called the banks and reported that the payments made to those credit cards were fraudulent.

15.    It was a further part of the conspiracy that, after defendant and his co-conspirator reported the alleged fraudulent nature of these transactions, defendant's banks clawed back the previous payments made to the credit card companies and credited those funds back to defendant's bank accounts, leaving the Victim Financial Institutions to bear the losses from the scheme.

16.    It was a further part of the conspiracy that defendant received 10% of the money that was credited back to his bank accounts and gave the remainder to his co-conspirators.

17.    It was a further part of the conspiracy that defendant withdrew the money that was credited back to his accounts in amounts less than $10,000 to avoid detection from defendant's banks and to give his co-conspirators their share of the fraud proceeds.

**Information**                                                                                         **Page 3**

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE ALLEGATION

Upon conviction of the offense alleged in Count 1 of this Information, defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, and derived from, proceeds defendants obtained directly and indirectly, as the result of such violation.

## SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

Dated: May 27, 2020                    Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*/s/ Gavin W. Bruce*
GAVIN W. BRUCE, OSB No. 113384
Assistant United States Attorney

**Information**                                                    **Page 4**